Richard STOYKO, Plaintiff—Appellant,

v.

KEMPER INS. CO., Defendant,

and

FEDERAL EXPRESS LONG TERM DISABILITY PLAN, Defendant—Appellee.

No. 03–16988.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2005.*

Decided Feb. 25, 2005.

John N. John N. Frye, Esq., San Mateo, CA, for Plaintiff–Appellant.

Michael D. Young, Esq., Weston, Benshoof, Rochefort, Rubalcava and MacCuish LLP, Julia Lapis Blakeslee, Esq., Weston Benshoof Rochefort, et al, Los Angeles, CA, John Michael Oehmler, Esq., Federal Express Corporation Legal Department/Litigation, Memphis, TN, for Defendants–Appellees.

Before: ALARCÓN, SILER,** and SILVERMAN, Circuit Judges.

### MEMORANDUM ***

Richard Stoyko appeals the district court's grant of summary judgment for the defendants in his Employee Retirement Income Security Act ("ERISA") action alleging that he was wrongfully denied long-term disability ("LTD") benefits. As the parties are familiar with the facts, we recount them here only as necessary to explain our decision.

We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the district court's grant of summary judgment. *Taft v. Equitable Life Assurance Soc'y,* 9 F.3d 1469, 1471 (9th Cir.1993). We review the denial of Stoyko's LTD benefit request for an abuse of discretion because the plan administrator was given discretionary authority to determine benefit eligibility. *See Winters v. Costco Wholesale Corp.,* 49 F.3d 550, 552 (9th Cir.1995). We "impose a more stringent version of the abuse of discretion standard" to the administrator's denial in this case because the administrator is also Stoyko's employer, which cre-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Honorable Eugene E. Siler, United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ates an apparent conflict of interest. *See id.* We reverse and remand.

To the extent that the administrator denied Stoyko's application for LTD benefits on the basis of Dr. Sassoon's physician review, its decision is improper. Dr. Sassoon incorrectly determined that Stoyko's health condition was permanently improved by surgery when the record indicated that Stoyko only received a short-term health benefit after surgery, and that his condition actually declined in the long-term. *See Atwood v. Newmont Gold Co.,* 45 F.3d 1317, 1323–24 (9th Cir.1995) (indicating that a denial of disability benefits constitutes an abuse of discretion when it is based on a clearly erroneous finding of fact). Dr. Sassoon also incorrectly determined that Stoyko submitted "no evidence" to establish that he was precluded from sedentary employment because Stoyko submitted an evaluation made by Dr. Javerbaum that clearly indicated he could not work in any capacity. *See id.* Even if Dr. Sassoon's conclusions were supported by the record, it is doubtful that Dr. Sassoon's physician review could support the LTD benefits denial because he never examined Stoyko and is a physician expert in rehabilitation of muscle-skeletal injuries, not in diagnosing and treating neurological conditions resulting from brain abnormalities. *See Zavora v. Paul Revere Life Ins. Co.,* 145 F.3d 1118, 1123 (9th Cir.1998) (indicating that it was an abuse of discretion for an ERISA administrator to deny disability benefits on the basis of a medical review made by a non-examining, non-expert physician).

Dr. Cohen's physician review also could not serve as a basis to support the administrator's denial of LTD benefts. Dr. Cohen improperly discounted Dr. Javerbaum's opinion that Stoyko could not work in any capacity because it was not supported by "objective findings" because Dr. Javerbaum indicated that his opinion was based on findings of "weakness, numbness ... periodic alternating nystagamus, positive Romberg test, [and] unstable gait on turns" that were collected during a physical exam of Stoyko. *See Atwood,* 45 F.3d at 1323–24. Dr. Cohen's determination that Stoyko could perform sedentary work was not a proper ground for the denial of LTD benefits because Dr. Cohen did not explain why he relied on selected portions from only two medical reports in making his determination and, more importantly, how the findings Dr. Cohen relied on supported his conclusion. *See Taft,* 9 F.3d at 1472–73 (indicating that the reasons underlying a disability denial must be explained).

The administrator's contention that it permissibly denied Stoyko's LTD benefits request on the basis of conflicting evidence in the record is unpersuasive because the evidence submitted was not contradictory. Although some medical reports in the record indicated that Stoyko could not drive a truck and others indicated he could not work in any capacity, there was no contradiction because none of the medical reports indicating that Stoyko could not drive a truck also stated he could perform other work or stated that his disability *only* precluded him from truck driving. *Cf. Madden v. ITT Long Term Disability Plan for Salaried Employees,* 914 F.2d 1279, 1285–86 (9th Cir.1990) (indicating that an ERISA administrator's decision to deny benefits does not amount to an abuse of discretion simply because medical opinions conflict).

The administrator improperly neglected to examine vocational evidence before determining that Stoyko could find other work because his impairment was not "slight." *See McKenzie v. General Telephone Company of California,* 41 F.3d 1310, 1317 (9th Cir.1994) (indicating that

consideration of vocational evidence is unnecessary where it is clear from the record that the benefits applicant does not suffer from a disability that could preclude him from work).

Although we recognize that an ERISA administrator is entitled to substantial deference, it still must have some reasonable basis for its decision to deny benefits. *See Zavora,* 145 F.3d at 1123. The record is insufficient to support the denial of Stoyko's request for LTD benefits because the administrator did not properly weigh the disability reports made by Stoyko's treating physicians against the flawed conclusions contained in its physician reviews. *See Jebian v. Hewlett–Packard Co.,* 349 F.3d 1098, 1109 n. 8 (9th Cir.2003). In fact, the evidence in the record clearly established that Stoyko was totally disabled and could not work. Cf. *Mckenzie* 41 F.3d at 1317 (suggesting that evaluation of vocational evidence is not necessary where the disability of a benefits applicant clearly precludes him from work). According, we reverse the district court's grant of summary judgment for defendants and grant Stoyko's cross-motion for summary judgment. We remand to the district court for proceedings consistent with this opinion.

REVERSED AND REMANDED.